**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VICTORY SOLUTIONS, LLC,** | : | **CASE NO. 13-CV-7231** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **BROADNET TELESERVICES, LLC** | : | **BROADNET TELESERVICES,** |
| | : | **LLC'S MOTION FOR** |
| **Defendant,** | : | **JUDGMENT AND TO CONFIRM** |
| | : | **ARBITRATION AWARD** |
| | : | |
| | : | |

Defendant Broadnet Teleservices, LLC ("Broadnet"), through counsel, submits Broadnet Teleservices LLC's Motion for Judgment and to Confirm Arbitration Award, requesting that this Court enter judgment confirming the September 4, 2013 Final Award ("Final Award") and clarifying that the Final Award does not incorporate the prior July 12, 2013 Interim Award ("Interim Award").  In support thereof, Broadnet states as follows:

## CERTIFICATE OF CONFERRAL

Counsel for Broadnet has conferred with counsel for Victory Solutions LLC ("Victory") regarding the relief sought herein.  While Broadnet moves the Court for confirmation of the Final Award, it denies that the Final Award incorporates the Interim Award.  Victory noted in the Joint Initial Status Report that its position is that the Final Award incorporates the Interim Award, but Victory has not taken a direct position with regards to this motion.

## INTRODUCTION

1.      This matter is before this Court on Victory's request for a confirmation of the Final Award.  Broadnet does not oppose the confirmation of the Final Award, and requests that

this Court make it an order of the Court. Victory has suggested that the Final Award incorporates by reference the Interim Award. Broadnet disputes that argument for three reasons: (1) neither the Complaint/Application for Confirmation of Arbitration Award ("Complaint") nor Victory Solutions LLC's Motion for Confirmation of Arbitration Award ("Motion to Confirm") raise that issue, (2) the Final Award is clear on its face that it does not incorporate the Interim Award, and (3) the time to clarify, vacate, modify or correct the Final Award has expired. Broadnet therefore asks that this Court clarify that the Final Award does not include the Interim Award, and therefore its judgment confirms only the Final Award.

## MOTION

### A.    *Victory's Request for Confirmation of the Final Award*

2.    On April 15 and 16, 2013, an arbitration proceeding (the "Arbitration") was held to resolve a business dispute between Broadnet and Victory. After presiding over the Arbitration, arbitrator Champ W. Davis with the American Arbitration Association (the "Arbitrator") issued an Interim Award which, *inter alia*, directed Victory to submit an itemization of fees and costs and directed Broadnet to file its response. The itemization and response would enable the Arbitrator to calculate a final award which would include an award of fees. *See* Interim Award, attached as **Exhibit A**.

3.    On September 4, 2013, the Arbitrator issued a Final Award fully resolving any and all issues between the parties, including the pending fee request. *See* Final Award, attached as **Exhibit B**. The Final Award awarded Victory a total amount of $327,315.10, which included reasonable attorney's fees recoverable under Section 22(A) of the underlying agreement between

the parties.  *See* **Ex. B**.  The Final Award did not include language allowing Victory Solutions to recover any additional fees, costs or interest incurred in confirming the Final Award.

4.     On October 9, 2013, Victory filed its Complaint, requesting that "Broadnet be ordered to comply with the arbitration award in full; pay to Victory Solutions the sum of $327,315.10, plus interest; and pay Victory Solutions its additional costs and attorneys' fees incurred in enforcing the Final Award."  **[Doc. No. 1]**.  On November 6, 2013, Broadnet filed an Answer to Complaint/Application for Confirmation of Arbitration Award ("Answer"). **[Doc. No. 11]**.[1]

5.     Also on October 9, 2013, Victory filed its Motion to Confirm, wherein it stated that it "moves this Court for an order confirming the September 4, 2013 Final Award it obtained against Broadnet."    **[Doc. No. 4]**.    Along with its Motion to Confirm, Victory filed a Memorandum in Support of Victory Solutions LLC's Motion for Confirmation of Arbitration Award ("Memorandum").  **[Doc. No. 4]**.  At the conclusion of the Memorandum, Victory asked that "this Court make the Final Award the final judgment of this Court."  Victory did not make a request for any additional amounts, such as attorney's fees or costs.[2]  On November 6, 2013, Broadnet filed Broadnet Teleservices, LLC's Response to Victory Solutions LLC's Motion for

---

[1] On December 13, 2013, this Court entered two separate orders related to the parties' pleadings. **[Doc. Nos. 21 and 22]**. In Doc. No. 21, this Court ordered Victory to show cause in writing that this Court has jurisdiction, at least for pleading purposes, over Victory's action by filing a jurisdictional addendum. Victory filed a jurisdictional addendum on December 19, 2013 **[Doc. No. 23]**, and a revised jurisdictional addendum **[Doc. No. 25]** on December 20, 2013. This Court entered an order on December 25, 2013, discharging its previous order for Victory to show cause that this Court has jurisdiction **[Doc. No. 27]**. In Doc. No. 22, this Court entered an order requiring Broadnet to amend its Answers to Paragraphs Nos. 5, 11 and 13 of the Complaint. Broadnet filed its Amended Answers to the Complaint on December 20, 2013. **[Doc. No. 26].**

[2] On December 11, 2013, counsel for Broadnet conferred with counsel for Victory regarding the matters set forth in this Motion. During that conversation, counsel for Victory made it clear that Victory is not seeking attorney's fees and costs above and beyond what is provided for in the Final Award. Indeed, Victory would not be entitled to such an award. *See Menke,* 17 F.3d at 1009.

Confirmation of Arbitration Award ("Response to Motion"), stating that it does not dispute the basis for Victory's request for confirmation of the Final Award under the Federal Arbitration Act. *See* Response to Motion, **[Doc. No. 13]**.

6.      In its Complaint, Victory acknowledged that the arbitrator issued a Final Award on September 4, 2013, and that it "Awarded Victory Solutions damages against Broadnet in the total amount of $327,315.10 in full settlement of all claims and counterclaims submitted as part of the Arbitration Proceeding." *See* Complaint, **[Doc. No. 1]**, ¶¶ 12 and 13. In paragraph 14 of its Complaint, Victory further acknowledged that "all claims against all parties in the Arbitration Proceeding have been fully and finally adjudicated." *See* Complaint, **[Doc. No. 1]**, ¶¶ 14. In its Answer, Broadnet admitted that all claims against all parties in the arbitration proceeding have been fully and finally adjudicated. *See* Answer **[Doc. No. 11]**, ¶ 15.

7.      In both its Complaint and Motion to Confirm, Victory requests that this court make the September 4, 2013 Final Award a judgment of this Court. None of Victory's pleadings request that the Final Award incorporate the Interim Award. Clearly, that request would require this court to modify the Final Award, and the date for Victory to request the Court to modify such award has past. Further, none of Victory's pleadings request that this Court confirm the Interim Award. Nonetheless, on December 9, 2013, the parties filed a Joint Initial Status Report wherein Victory stated for the first time that it believes that the Final Award incorporates the Interim Award. Broadnet disagrees with that position for the reasons stated in this Motion. **[Doc. No. 17]**.

**B.**     *The Final Award Does not Incorporate the Interim Award*

8.     The language of the Interim Award unambiguously states that the Interim Award expires upon the issuance of the Final Award.   *See* Interim Award, **Ex. A**. Specifically, the Interim Award states as follows:

> This Interim Award shall remain in full force and effect *until* such time as a Final Award is rendered.

*See* Interim Award, **Ex. A** (emphasis added).

9.     The language of the Final Award unambiguously states that it fully and finally resolves all matters submitted to the Arbitrator.   *See* Final Award, **Ex. B**.   Moreover, the Final Award contains no language expressly or impliedly incorporating the Interim Award.   *See* Final Award, **Ex. B**.   Rather, it states as follows:

> This Award is in full settlement of all claims and counterclaims submitted to this Arbitration.  All claims not expressly granted are hereby, denied.

**C.**     *The Time to Vacate, Modify, or Correct the Award Has Expired*

10.     To the extent Victory believed that the Arbitrator intended to incorporate the Interim Award into the Final Award, despite the clear language to the contrary, it could have requested that either the Arbitrator or this Court modify the Final Award to make that statement. Unfortunately, the deadline to do so has expired. Therefore, pursuant to 9 U.S.C. § 9, this Court must confirm the Final Award.  *Menke v. Monchecourt,* 17 F.3d 1007, 1009 (7th Cir. 1994).

11.     The parties agreed to be bound by the Commercial Arbitration Rules of the American Arbitration Association. Rule 46 of those Rules provides that the parties may request that the Arbitrator modify his Final Award within 20 days from the transmittal of such award. Rule 46 specifically states as follows:

R-46. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided.

12.     The Federal Arbitration Act provides a mechanism for a party to request that this Court modify or correct the Final Award. In particular, the 9 U.S.C. § 11 states as follows:

§ 11. Same; modification or correction; grounds; order

In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

13.     The FAA further states that "[n]otice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. 9 U.S.C. § 11. The Final Award was transmitted to the parties on September 4, 2013. Three months from that date was December 4, 2013. Therefore, any party seeking to modify the award must have done so no later than December 4, 2013. No such application was ever made.[3]

---

[3] The parties stipulate in the Joint Initial Status Report at Paragraph 6(B)(2) **[Doc. No. 17]** that the deadline for any party to seek to modify or challenge the award passed on December 4, 2013.

6

**CONCLUSION**

14.     Broadnet requests that this Court make the Final Award a judgment of this Court. Contrary to Victory's suggestions, Broadnet believes that the Interim Award should not be incorporated into the Final Award because that issue has never been raised in the pleadings, the Final Award and Interim Awards on their face preclude such incorporation, and the time to modify or clarify the award has expired. Broadnet therefore further requests that this Court find that the Interim Award is not incorporated into the Final Award, and otherwise expressly decline to make the Interim Award an order of this Court. Broadnet welcomes the opportunity to provide supplemental briefing on this issue should it be required to assist this Court.

WHEREFORE, Broadnet Teleservices, LLC, hereby asks that this Court enter an order:

(1) Confirming the September 4, 2013 Final Award and making it a judgment of this Court;

(2) Clarifying that the Interim Award is not incorporated into the Final Award; and

(3) Declining to confirm the July 12, 2013 Interim Award or otherwise make it a judgment of this Court.

Dated: December 26, 2013.

Respectfully submitted,

  *s/ Rodney L. Lewis*
Rodney L. Lewis
POLSINELLI P.C.
161 N. Clark Street
Suite 4200
Chicago, IL 60601
Phone Number: (312) 819-1900
rodneylewis@polsinelli.com
*Attorney for Defendant,*
*Broadnet Teleservices, LLC*

46678509.5

**CERTIFICATE OF SERVICE**

I hereby certify that that the foregoing was electronically filed on December 26, 2013. Notice of this filing will be forwarded to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

　/s/ *Rodney L. Lewis*　　　　　　
Rodney L. Lewis

46678509.5

# EXHIBIT

# A

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| BROADNET TELESERVICES, LLC ) | |
| ) | |
| ) | Case No. 51 117 1383 11 |
| vs. ) | |
| ) | |
| ) | |
| VICTORY SOLUTIONS, LLC ) | |
| ) | |

## INTERIM AWARD AND OPINION

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement of September 1, 2009 between the above-named parties, having been duly sworn, having held a hearing on April 15 and 16, 2013, and having reviewed the post-hearing submissions of the Parties, do hereby issue this INTERIM AWARD, as follows:

I find the non-solicitation provision set forth in Section 7(C) of the reseller agreement of September 1, 2009 (the "RSA") valid and enforceable for several reasons. First, Broadnet Teleservices, LLC did not terminate the agreement for breach as set forth in Section 17(B), and it did not give Victory Solutions, LLC the required 30 days to cure the breach. Rather, it based its termination on Section 17(A) and stated that it decided "to not renew the current agreement, which is set to expire..." (CX-31). Therefore, Broadnet's argument that the non-solicitation provision was not enforceable because the RSA was terminated for breach must be rejected.

Second, while the record keeping on the part of both parties left something to be desired, when the dust settled, and all accounts were reconciled, Victory Solutions has a credit of about $1,300.00. Therefore, taking the various set offs and credits into account, Victory Solutions was not in breach at the time of the alleged termination.

Third, the alleged breach, if any, was not a material breach. The parties, through a two year course of dealing did not view late payments as grounds for termination. The RSA allowed at least 30 days before a payment became late and it provided that Broadnet could recover 1.5% interest per month on unpaid invoices. In fact, Victory Solutions was "late" on its very first payment in 2009, as well as subsequent payments, yet Broadnet never took action or sought to protect its rights as it could have done under the RSA.

Finally, even if there had been a proper termination for breach, Section 17(A) expressed the intent of the parties that termination "in any manner shall not impair the rights or obligations of either Party that may survive the termination of this Agreement." (Emphasis added).

For these reasons, I find that the non-solicitation obligations in Section 7(C) survived the expiration and non-renewal of the RSA and are therefore enforceable. I further find that neither

the absence of a geographic restriction or the imposition of a 10 year term renders the provision a nullity. The provision is a non-solicitation provision rather than a covenant not to compete. Under Illinois law, the absence of a geographic limit does not render a non-solicitation provision unenforceable. Moreover, the 10 year term, based on four year election cycles, appears reasonable, particularly in this case involving independent contracting parties rather than the more common employer-employee situation and involving a non-solicitation clause rather than a covenant not to compete.

I decline, however, to enter an award of damages for breach of the non-solicitation provision beyond March 2013. I find that Victory Solutions' damage calculations through March 2013 are reasonable. The sum of $142,653.79 will therefore be awarded to Victory Solutions. However, I cannot speculate as to the volume of sales Broadnet might make to the protected customers after March 2013. The denial of further damages is without prejudice to the right of Victory Solutions to seek them at a later date in a different proceeding.

I also reject the argument that because Victory Solutions allowed Broadnet to have contact with Victory Solutions' customers after the agreement was terminated, it waived enforcement of the non-solicitation provision. There was no credible evidence that Victory Solutions waived enforcement of the non-solicitation obligations. It allowed Broadnet to deal with its customers in anticipation of a possible agency arrangement between the parties. However, no such arrangement was ever made. Moreover, Section 12 of the RSA would also prohibit such conduct on the part of Broadnet.

Nor do I find that the billing arrangement of June 2010 between the parties and Front Porch was a violation of the non-solicitation agreement. It was a billing convenience only. Even if it were a violation, Victory Solutions received credit for the profits it would have made in a direct billing arrangement with Front Porch.

I further find and accept Victory Solutions' calculations as to the true-up of all the accounting issues between the parties. Therefore, I find that in addition to the damages I have awarded Victory Solutions for breach of the non-solicitation provision, Victory Solutions is also entitled to receive the sum of $21,887.63, for a total of $164,541.42.

The RSA provides in relevant part in Section 22(A) that if suit is brought to enforce the Agreement, "the prevailing Party shall be entitled to reasonable attorneys' fees and costs incurred in connection therewith." Victory Solutions has prevailed on most issues herein. Therefore, it is directed to submit a detailed itemization of its fees and costs within ten days of receipt of this Interim Opinion and Award. Broadnet is directed to submit a response to the itemization of fees and costs within ten days after receipt of Victory Solution's submission.

This Interim Award shall remain in full force and effect until such time as a Final Award is rendered.

DATE:     July 12, 2013

_____
Champ W. Davis, Jr., Arbitrator

# EXHIBIT

# B

## AMERICAN ARBITRATION ASSOCIATION

BROADNET TELESERVICES, LLC )
)
) Case No. 51 117 1383 11
vs. )
)
)
VICTORY SOLUTIONS, LLC )
)

## FINAL AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement of September 1, 2009 between the above-named parties, having been duly sworn, having held a hearing on April 15 and 16, 2013, and having reviewed the post-hearing submissions of the Parties, including the submissions of the parties on the issue of an award of attorneys fees and costs, and having previously rendered an Interim Award dated July 12, 2013, do hereby issue this AWARD, as follows:

I award Victory Solutions, LLC the sum of $137,555.00 as reasonable attorney's fees recoverable under Section 22(A) of the Reseller Agreement of September 1, 2009.

I further award Victory Solutions the sum of $7,708.68 as costs (excluding AAA fees and arbitrator compensation) incurred by Victory Solutions and recoverable under Section 22(A) of said Agreement.

The administrative fees and expenses of the American Arbitration Association totaling $8,475.00, and the compensation and expenses of the arbitrator totaling $21,320.00 shall be borne by Broadnet Teleservices, Inc. Therefore, Broadnet Teleservices, Inc. shall reimburse Victory Solutions the sum of $17,510.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Victory Solutions.

Victory Solutions was previously awarded the sum of $164,541.42 in the Interim Award I entered in this matter on July 12, 2013. Therefore, the total sum awarded to Victory Solutions in this arbitration is $327,315.10, which sum constitutes the final award herein.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

DATE: September 4, 2013

_____
Champ W. Davis, Jr., Arbitrator